## J. G. WALTON v. BRADFORD STIMKLE.

**Partnership—Duty of Receiver—Debtors.**

> When a receiver takes charge of partnership assets he should convert them to cash, and where one of the partners has taken money from the business or is indebted to the firm, he occupies the same position as other debtors, and should be proceeded against as other debtors are. It is error for the court to order him to pay into court such money, or pay his debt to the receiver, and to imprison such debtor for contempt upon his failure to pay such debt.

### APPEAL FROM KENTON CHANCERY COURT.

#### November 6, 1877.

OPINION BY JUDGE PRYOR:

It is manifest from the proof in this case that a partnership existed between the appellant and appellee. The testimony of the appellant's own witnesses cannot be reconciled into any other rational conclusion. That appellee could have been permitted to make an examination of the books whenever he was about the establishment, and to

take money from the drawer in the presence of the clerks and the appellant whenever he saw proper, and yet have no interest in the establishment, is a conclusion inconsistent with the facts themselves, and not sustained by any proof in the case. The existence of the partnership being established, the only evidence of what the agreement was is the statement of the appellee, and as there is nothing conflicting with his statement as to the terms it was proper for the chancellor to be controlled by it in determining the extent of each partner; nor is there anything unreasonable in such a contract. The appellant had nothing, and was without means to enable him to engage in the enterprise, and the appellee, with an unbounded credit, permitted it to be used for the benefit of the firm, besides raising one thousand dollars out of his own pocket and borrowing as much more; that constituted the cash capital of the concern.

It was an advantageous partnership to the appellant, as the settlement of the accounts show a profit that well repaid him for his labor. The trouble with appellant is that he has expended his part of the profits and cannot now make an exhibit of the amount he has in fact realized. The basis upon which the commissioner ascertained the amount that the appellant had drawn from the concern after he failed to charge himself upon the books with the goods and cash received, was authorized by the proof, and was the only correct method of making a fair statement of the accounts between them. The appellant had withdrawn from the firm an amount exceeding two dollars per day during the period an account was kept against him, and the charge of two dollars per day after he ceased to make any entries to his debit account certainly cannot be complained of by him. It is not shown that his family had diminished or that his expenses had been lessened in any manner.

The only error we perceive in the judgment is in the failure of the chancellor to credit the appellant upon his indebtedness to the appellee, by one-half the proceeds of the sale of the groceries and fixtures after the payment of debts. It appears that the debts had all been paid and that appellee became indebted to the firm for goods purchased at the commissioner's sale in the sum of $629 due by note. This has not been paid, and belongs after the payment of debts to the firm, the appellant owning one-half. He should therefore have been credited on his indebtedness to appellee in one-half of this note and interest, and of one-half of any other amount realized by the sale or left of the assets of the firm after the payment of all the debts. Of

course by "assets" is meant such as can be converted into money, not merely insolvent claims.

As to the claim made against appellant for money he had collected and had in his pocket, we think the rule to pay it into court was properly discharged. He had never received it from the court or·under any order of the chancellor, but when the receiver was appointed and the store closed had the money in his pocket and was the debtor of the concern to that extent, at least prior to the injunction. It could not be reached by an injunction or attachment, and standing as he did in the position of any other debtor it would have been error to have imprisoned appellant for contempt upon his failure to account for it. For the errors indicated the judgment is *reversed* on the original and *affirmed* on the cross-appeal, and cause remanded for further proceedings.

*C. Edginton & J. G. Carlisle, for appellant.*
*Stevenson & O'Hara, for appellee.*